UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ESTHER ETIENNE,

        Plaintiff,

    v.

RELIANT CAPITAL SOLUTIONS, LLC,

        Defendant.
---------------------------------------------------------------X

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 07 2019 ★

BROOKLYN OFFICE

**DECISION & ORDER**
16-CV-2359 (WFK) (JO)

**HON. WILLIAM F. KUNTZ, II United States District Judge:**

Plaintiff Esther Etienne ("Plaintiff"), purporting to act on behalf of a class, brings this action against defendant Reliant Capital Solutions, LLC ("Defendant"), alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"). *See* Amended Complaint ("Am. Compl."), ECF No. 18. The parties jointly sought certification of a settlement class, final approval of a proposed class-wide settlement, and an award of attorneys' fees and costs. *See* ECF Nos. 28, 30. On September 25, 2018, Magistrate Judge James Orenstein issued a report in which he recommended denial of the motions. *See* Report and Recommendation dated Sep. 25, 2018 ("R&R"), ECF No. 35. For the reasons that follow, the Court adopts the report in its entirety.

## BACKGROUND

The Court assumes familiarity with the factual and procedural history of this case as set forth in Magistrate Judge Orenstein's report. *See* R&R. Briefly, Plaintiff alleges Reliant, in seeking to collect a debt it asserted she owed to Touro College, had sent her a collection letter disclosing the "Total Balance" Plaintiff owed "As Of" the letter's date. *See* Am. Compl. ¶ 24, Ex. A (the "Letter"). Plaintiff alleged the Letter violated the FDCPA by failing to state explicitly the continuing accrual of interest of other charges might cause a future increase in the balance and therefore would lead "any least sophisticated consumer" to conclude mistakenly the stated balance would remain the same until paid. *See id.* ¶¶ 25-27.

1

On December 27, 2016, the parties reported they had reached a settlement in the case on a class-wide basis. *See* ECF No. 23. Magistrate Judge Orenstein granted preliminary approval on July 7, 2017. *See* ECF Nos. 25-26.

In October 2017, the parties filed a joint motion seeking certification of a settlement class for final approval and a motion requesting an award of attorneys' fees and costs. *See* Joint Mot. to Certify Class for Final Approval, ECF No. 28; Mot. for Att'y Fees, ECF No. 30. The proposed settlement included: class settlement fund of $11,500.50, representing statutory damages of $174.25 for each of 66 class members; Plaintiff was to receive $1,000.00 (maximum individual statutory damages) and $500.00 "in recognition of her services to the Settlement Class"; Defendant was to pay Plaintiff's counsel $14,000.00 to cover all attorneys' fees and costs; Defendant would be released from all possible claims by Plaintiff and all claims that any class member who does not opt out could assert under the FDCPA. *See* Proposed Final Approval Order, ECF No 28-4.

Magistrate Judge Orenstein held a fairness hearing on October 19, 2017, at which no members of the putative class appeared. The parties mailed a notice describing the proposed settlement to 66 putative class members, and none responded before the fairness hearing. At the hearing, Magistrate Judge Orenstein instructed counsel to provide supplemental papers addressing his expressed concerns regarding the proposed class settlement. Plaintiff filed supplemental briefing on November 2, 2017. ECF No. 33.

On September 25, 2018, Magistrate Judge Orenstein filed a Report and Recommendation recommending the Court deny Plaintiff's motions in their entirety. *See* R&R. Specifically, he determined the parties failed to establish: (1) the settlement class was fair, reasonable, and adequate—in both procedure and substance—as required under Rule 23(e) of the Federal Rules

2

of Civil Procedure; (2) Plaintiff's representation was adequate under Rule 23(a); and (3) the class form is superior to individual litigation under Rule 23(b)(3). *See* R&R at 4-5. Because Magistrate Judge Orenstein recommended denying the motion to certify a settlement class and approve the proposed settlement, he also recommended the Court deny as premature Plaintiff's motion to award attorneys' fees. *Id.* at 18. On October 9, 2018, Plaintiff filed objections to Magistrate Judge Orenstein's Report and Recommendation. Pl.'s Unopposed Objections to the Report and Recommendation of the Mag. Judge Entered on Sep. 25, 2018 ("Pl.'s Objections"), ECF No. 36.

## DISCUSSION

### I. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citations omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13–CV–1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.*, 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

3

## II. Analysis

In her objections, Plaintiff argues: (1) the proposed class settlement is substantively fair; (2) Plaintiff is an adequate class representative; and (3) a class action is superior to individual litigation in this action. Pl.'s Objections. The Court has conducted a *de novo* review of the relevant portions of the Report and Recommendations to which Plaintiff objects and concludes the objections are without merit.

To certify a class, a party must meet the four threshold requirements in Rule 23(a): "(1) numerosity ('the class is so numerous that joinder of all members is impracticable'), (2) commonality ('there are questions of law or fact common to the class'), (3) typicality ('the claims or defenses of the representative parties are typical of the claims or defenses of the class'), and (4) adequacy of representation ('the representative parties will fairly and adequately protect the interests of the class')." *In re Amer. Intern. Group, Inc. Securities Litig.*, 689 F.3d 229, 238 (2d Cir. 2012) (quoting Fed. R. Civ. P. 23(a)). Because Plaintiff seeks to certify a settlement class under Rule 23(b)(3), the requirements of predominance and superiority of the class must also be met. Fed. R. Civ. P. 23(b)(3). Finally, the court "must separately evaluate whether the settlement agreement is 'fair, reasonable, and adequate' under Rule 23(e)." *In re Amer. Intern. Group, Inc.*, 689 F.3d at 238.

### A. Substantive Fairness

As set forth in Magistrate Judge Orenstein's Report and Recommendation, a court should consider the following nine factors when determining a proposed settlement's substantive fairness: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed;

4

(4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds*, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 42 (2d Cir. 2000); *see also Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000) (applying the *Grinnell* factors).

In her objections, Plaintiff argues the proposed class settlement is substantively fair because class litigation would be complex, expensive, and time-consuming, and that only 2 of the 66 putative class members responded to the letters suggests class members' reactions "support" the class settlement's approval. Pl.'s Objections at 5-8. Plaintiff also argues discovery conducted was reasonable. *Id.* at 8-10. These arguments are without merit.

Magistrate Judge Orenstein thoroughly considered all nine factors and determined "that none of the factors, considered individually or together, favor approval of the proposed class-wide settlement." *See id.* at 8-15. First, because FDCPA claims usually settle and do not last long, "the parties will likely resolve this non-complex case quickly and with minimal expense," despite Plaintiff's arguments to the contrary. *Compare id.* at 8-9, *with Wright v. Stern*, 553 F. Supp. 2d 337, 344 (S.D.N.Y. 2008) (Chin, J.) (finding this factor weighed in favor of settlement where "[t]he parties have compiled a massive body of evidence and the parties had estimated that the first stage would take as many as twelve months to try").

The second factor, the reaction of the class to the settlement, "is perhaps the most significant factor to be weighed in considering its adequacy." *Maley v. Del Global Techs. Corp.*,

5

186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) (McMahon, J.). Magistrate Judge Orenstein found the "non-reaction" of the putative class to weigh against settlement approval because the parties could not argue both that the putative class were unsophisticated consumers but also that they understood a legally complex, eight-page, single-spaced notice regarding the proposed class settlement. R&R at 9. Thus, he did not take the absence of putative class members' objections (and their absence at the fairness hearing) to signal they supported the proposed settlement, but rather that they may not have understood their legal rights regarding the litigation. *Id.* at 11-12. As he further reasoned, "while there are of course circumstances in which the absence of putative class members' objections might indicate support for a proposed settlement, such an inference would necessarily rest on the assumption that those members understood the proposal to which they did not object. The circumstances here permit no such inference . . . ." *Id.* at 11. Indeed, other cases that have deemed the non-reaction of class members as supportive of settlement approval do not purport to involve a class of unsophisticated consumers. *See, e.g., Prasker v. Asia Five Eight LLC*, 2010 WL 476009, at *1, 4 (S.D.N.Y. Jan. 6, 2010) (Cedarbaum, J.) (finding settlement substantively fair for class containing employees who mostly did not object to settlement of action involving unpaid minimum wage and overtime pay FLSA violations); *Wright*, 553 F. Supp. 2d at 338, 342, 344 (finding settlement substantively fair when vast majority of class of African-American and Hispanic employees did not object or opt out of action involving their employer's alleged discriminatory practices, including after class counsel held four meetings with class members to explain the settlement).

Third, Magistrate Judge Orenstein found the record "d[id] not establish that the parties have in fact completed the exchange of the information, records, and depositions to which they would have been entitled had they made timely demands." R&R at 13. Indeed, despite

6

Plaintiff's objections to this conclusion, the record reflects Plaintiff issued several discovery requests, including interrogatories, document demands, and requests for admission—not that Defendant responded to these requests. *See id.* at 6-7 & n.3. Plaintiff appears to concede that despite these requests, the only discovery produced was "the number of debtors encompassed within the proposed class definition, along with its net worth." Pl.'s Objections at 9. The Court is thus not satisfied that the putative class members and the parties are entering into the instant settlement with sufficient information.

Plaintiff's objections to the Report's conclusions regarding the remaining *Grinnell* factors are similarly overruled. The risks of establishing liability, damages, and maintaining the class weighed against approval, according to Magistrate Judge Orenstein, because each member of the putative class "can establish liability as easily as [Plaintiff], and has every reason to believe the court will award" the statutory maximum of $1,000.00. R&R at 14. Plaintiff conceded Defendant could likely withstand a greater judgment. *Id.* at 15. And lastly, Magistrate Judge Orenstein reasoned "[t]he settlement fund needlessly limits putative class members' recovery to a fraction of what they could likely recover, regardless of whether the litigation proceeded as a class action or as several individual ones." *Id.*

### B. Adequacy of Class Representative

Plaintiff's second objection to Magistrate Judge Orenstein's Report—that Plaintiff is an adequate class representative—is also without merit. Plaintiff cites the FDCPA provision providing a named plaintiff in a class action "may recover (i) the statutory damages of up to $1,000 available as if an individual action had been brought, plus (ii) the amount that the court may award to the remaining class members." *Id.* at 20 (citing 15 U.S.C. § 1692k(a)(2)(B)). But as Magistrate Judge Orenstein correctly points out, Plaintiff's interests in pursuing the

7

settlement, which would guarantee her the maximum statutory award and an additional $500.00, are in contrast with the rest of the putative class, who would be limited to less than a fifth of the Plaintiff's award ($174.25). R&R at 16. Because her interests "materially diverge" from the interests of the putative class, Plaintiff is not an adequate class representative, and Plaintiff's objections are overruled. *Id.* at 17.

### C. Superiority

Finally, Magistrate Judge Orenstein determined "[t]he same features that render the proposed settlement unfair and [Plaintiff] an inadequate representative also lead me to conclude . . . a class action is not superior to individual litigation." *Id.* at 17-18. Plaintiff again objects to this conclusion and argues that the class form is superior, especially considering no other putative class member has sought to bring an individual lawsuit. Pl.'s Objections at 23.

Plaintiff relies primarily on *Weber v. Goodman*, 9 F. Supp. 2d 163 (E.D.N.Y. 1998) (Sifton, J.), a class action of 420,000 members involving FDCPA allegations. In *Weber*, defendants argued the class form was not superior because proposed class members would have minimal benefits and a maximum recovery of $2.00. *Id.* at 169-70. Judge Sifton reasoned that if he were to accept the defendants' argument, "defendants' vast improper conduct [would have] successfully diluted any one class member's recovery." *Id.* at 171. Because of the number of improper letters sent by defendants, Judge Sifton concluded, "[t]he class action form is the only way to ensure defendants' compliance with the FDCPA." *Id.*

This case is distinguishable from *Weber* on several grounds. Each of the proposed class members here (66 in total) could successfully bring individual litigation and receive the statutory maximum recovery, which was not possible for the 420,000 members in *Weber*. The class action form is also not the "only way" to ensure Defendant's FDCPA compliance, unlike in *Weber*. As

8

Magistrate Judge Orenstein noted, "[e]ven accounting for the possibility that some members of the putative settlement class might refrain from pursuing individual litigation, the ease of doing so given the simplicity of the case, as well as the potential difference in recovery," suggests the class action form is not superior here. R&R at 18. While Judge Sifton emphasized that the low recovery "should not necessarily *preclude* class treatment," it also does not necessarily indicate the class action form is superior. 9 F. Supp. 2d at 171 (emphasis added).

The Court finds further support in *Gallego v. Northland Group, Inc.*, 814 F.3d 123, 129 (2d Cir. 2016), where the Second Circuit affirmed the denial of class certification because the parties failed to establish a class of approximately 100,000 members in an FDCPA action was superior to individual litigation. The plaintiff argued the "vast majority of class members are unlikely to file claims," but the court rejected such an argument, reasoning "[a]n expected low participation rate is hardly a selling point for a proposed classwide settlement." *Id.* Similarly, Plaintiff's argument that no other putative class member filed suit does not establish superiority.

## CONCLUSION

Upon a careful review of Magistrate Judge Orenstein's Report and Recommendation, ECF No. 13, and the objections filed thereto, the Court affirms and adopts the Report and Recommendation in its entirety. Plaintiff's motions for approval of class certification, settlement approval, and attorneys' fees, *see* ECF Nos. 28, 30, are hereby DENIED.

SO ORDERED.

/s/ Hon. William F. Kuntz II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2019
      Brooklyn, New York